UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHRISTINA JACKSON, on behalf of her minor child, J.L., and CINDY WESTMAN, on behalf of her minor child Z.R., and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRENTKE ROMICH COMPANY d/b/a PRC-SALTILLO,<br><br>Defendant. | Case No. 5:24-cv-01708<br><br>Judge Christopher A. Boyko |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. # 22, "Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiffs Christina Jackson, on behalf of her minor child, J.L., and Cindy Westman, on behalf of her minor child, Z.R. (collectively "Plaintiffs") and Defendant Prentke Romich Company d/b/a PRC-Saltillo ("Defendant" or "PRC").

After reviewing Plaintiffs' unopposed request for preliminary approval and considering all the relevant Fed. R. Civ. P. 23(a) and 23(b)(3) factors, this Court conditionally certifies the Class and Subclass, grants the Motion, and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS ORDERED THAT:

1

1. The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Class, the appointment of Plaintiffs Christina Jackson, on behalf of her minor child, J.L., and Cindy Westman, on behalf of her minor child, Z.R., as the Class Representatives, the appointment of Class Counsel for Plaintiffs and the Classes, the approval of Simpluris, Inc. as the Settlement Administrator, the various forms of class relief provided under the terms of the settlement, and the proposed method of distribution of settlement benefits are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2. The Court does hereby preliminarily and conditionally approves and certifies, for settlement purposes, the following Settlement Class:

> **All individuals impacted by PRC's Data Incident, including all individuals who received notice of the Data Incident that occurred in August 2024.**

The Class specifically excludes: (i) all Persons who timely and validly request exclusion from the Class; (ii) the judge assigned to evaluate the fairness of this settlement (including any members of the Court's staff assigned to this case); (iii) PRC's officers and directors, and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

3. The Court does preliminarily and conditionally approve and certify, for settlement purposes, the Minor Subclass, defined as Settlement Class Members who were minors at the time of the Data Incident.

4. For purposes of settlement, based on the information provided: the Settlement Class is ascertainable; it consists of roughly 53,028 Class Members satisfying numerosity; there are

---

[1] All capitalized terms used in this Order shall have the same meanings as set for in the Settlement Agreement.

common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Incident, satisfying commonality; the proposed Class Representatives' claims are typical in that they are members of the Class and allege that they have been damaged by the same conduct as the other members of the Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

5. The Court preliminarily approves and appoints Plaintiffs Christina Jackson, on behalf of her minor child, J.L., and Cindy Westman, on behalf of her minor child, Z.R., as the Class Representatives.

6. The Court preliminarily approves and appoints Terence R. Coates of Markovits, Stock & DeMarco, LLC, Tyler J. Bean of Siri & Glimstad LLP, and William B. Federman of Federman & Sherwood as Class Counsel for the Class.

7. The Court preliminarily approves preliminarily approves Class Counsel's attorney fees, expenses, and costs, and service awards to the Class Representatives.

8. The Court approves and appoints Simpluris, Inc. as the Settlement Administrator.

9. Within ten (10) days of this Order, the Settlement Administrator shall have served or caused to be served a notice of the proposed Settlement on appropriate federal and state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10. A Final Approval Hearing shall be held before the Court on January 13, 2026 at 2:00 pm EST for the following purposes:

    a. To determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court;

    b. To determine whether to grant Final Approval, as defined in the Settlement Agreement;

    c. To determine whether the notice plan as conducted was appropriate;

    d. To determine whether the claims process under the Settlement is fair, reasonable, and adequate and should be approved by the Court;

    e. To determine whether the requested Class Counsel's combined attorneys' fees, of up to 1/3 of the Settlement Fund ($210,750.00), and documented litigation expenses (exclusive of Administrative Expenses) not to exceed $25,000.00, should be approved by the Court;

    f. To determine whether the request Service Awards of up to $3,000.00 to each Class Representative are fair, reasonable, and adequate.

    g. To determine whether the settlement benefits are fair, reasonable, and adequate; and

    h. To rule upon such other matters as the Court may deem appropriate.

11. The Court preliminarily approves, as to the form and content, the Notices (including the Short Form Notice) as the best possible means for notifying the Classes of the settlement terms and how to opt out, submit a claim or file an objection. Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Motion for Preliminary Approval of Class Action Settlement, and finds that such notice plan meets the requirements of

4

Federal Rules of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

12. The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, settlement administration, claims processing, and other execution of the proposed Settlement:

| ACTION | DEADLINE |
| --- | --- |
| Issuance of CAFA Notice | 10 Days after entry of this Preliminary Approval Order |
| Defendant Provides Class List to Settlement Administrator | 30 days after entry of this Preliminary Approval Order |
| Defendant Pays Administrative Expenses | 30 days after entry of this Preliminary Approval Order |
| Notice Date | 45 days after entry of this Preliminary Approval Order |
| Motion for Attorneys' Fees and Expenses | 14 days prior to Objection Deadline |
| Claims Deadline | 90 days after Notice Date (*i.e.*, 135 days after entry of this Preliminary Approval Order) |
| Opt-Out / Exclusion Deadline | 60 days after Notice Date (*i.e.*, 105 days after entry of this Preliminary Approval Order) |
| Objection Deadline | 60 days after Notice Date (*i.e.*, 105 days after entry of this Preliminary Approval Order) |
| Final Approval Brief and Response to Objections Due | 14 days prior to Final Approval Hearing |
| Final Approval Hearing | January 13, 2026 at 2:00 pm EST |

13. In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline.

14. Additionally, all requests to opt-out or object to the proposed Settlement must be received by the Settlement Administrator no later than 60 days after the Notice Date. Any request to opt-out of the Settlement, to the extent possible, must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement. Class Members who seek to Opt-Out shall receive no benefit or compensation under this Agreement.

15. Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be filed with the Court within 60 days of the Notice Date and include each and all of the following:

> (i) the name of the proceeding; (ii) the objector's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (iv) the identity of any attorneys representing the objector; (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a statement identifying all class action settlements objected to by the Settlement Class Member (and his or her attorney) in the previous 5 years; (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney; and (viii) documentary evidence identifying the individual as a member of the Settlement Class (e.g., a Data Incident notice letter).

16. All Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Class. The persons and entities who timely and validly request exclusion from the Class will be excluded from the Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to Defendant PRC in this Litigation.

17. Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Defendant PRC.

18. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Class.

**IT IS SO ORDERED** this 18th day of August 2025.

      /s/ Christopher Boyko
**Judge Christopher A. Boyko**