**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| CHRISTINA JACKSON, on behalf of her minor child, J.L., and CINDY WESTMAN, on behalf of her minor child Z.R., and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRENTKE ROMICH COMPANY d/b/a PRC-SALTILLO,<br><br>Defendant. | Case Nos. 5:24-cv-01708/5:24-cv-1738<br><br>Judge Christopher A. Boyko |

# FINAL APPROVAL ORDER AND JUDGMENT

WHEREAS, Plaintiffs submitted to the Court their Unopposed Motion for Final Approval of Class Action Settlement and Motion for Award of Attorneys' Fees, Costs, and Service Awards.

WHEREAS, on August 18, 2025, the Court entered its Preliminary Approval Order, which, inter alia, (1) preliminarily approved the Settlement; (2) determined that, for the purposes of settlement only, the Litigation should proceed as a class action and certified the Settlement Class; (3) appointed Plaintiffs as Class Representatives; (4) appointed Plaintiffs' counsel Terence R. Coates of Markovits, Stock & DeMarco, LLC, William B. Federman of Federman & Sherwood, and Tyler J. Bean of Siri & Glimstad LLP as Class Counsel; (5) approved the form and manner of the Notices; (6) approved the claims process and Claim Form; and (7) scheduled the Final Approval Hearing.

WHEREAS, thereafter, on October 2, 2025, the Settlement Administrator disseminated the Court-approved Notices to Settlement Class Members in accordance with the Settlement Agreement and the Preliminary Approval Order.

WHEREAS, on January 28, 2026, the Court held the Final Approval Hearing to determine whether the Settlement was fair, reasonable, adequate, and to consider Class Counsel's Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards filed on November 17, 2025.

WHEREAS, based on the foregoing, having considered the papers filed, the record, and proceedings held in connection with the Settlement, having considered the record and proceedings in this Litigation and being otherwise fully advised,

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

2. This Final Approval Order incorporates the definitions in the Settlement Agreement and all capitalized terms used in this Final Approval Order have the same meanings as set forth in that Settlement Agreement, unless otherwise defined herein.

3. The Notices provided to the Settlement Class in accordance with the Preliminary Approval Order were the best notices practicable under the circumstances and constituted due and sufficient notice of the Settlement and the matters set forth therein to all persons entitled to notice. The Notices fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable laws and rules. The claims process is also fair, and the Claim Form is easily understandable.

4. The notice to government entities, as given, complied with 28 U.S.C. § 1715.

5. The Settlement is in all respects fair, reasonable, and adequate, after considering all of the Federal Rule of Civil Procedure 23(e)(2) factors, highlighted by evidence that: (A) the Class Representatives and Class Counsel have adequately represented the Settlement Class; (B) the Settlement was negotiated in good faith and at arm's length among competent, experienced counsel; (C) the Settlement relief is adequate taking into account each of the factors set forth in Rule 23(e)(2)(C); and (D) the Settlement treats Settlement Class Members equitably relative to each other. The Settlement was reached after the Parties adequately evaluated and considered their positions.

6. All Settlement Class Members were provided an adequate opportunity to request to opt-out from the Settlement or to object to the Settlement in accordance with the Settlement Agreement and Notices. In finding the Settlement fair, reasonable, and adequate, the Court has also considered that there were no objections to or opt-outs from the Settlement, indicating an overwhelming positive reaction from the Settlement Class, and the opinion of competent counsel concerning such matters. The Court has also considered that no objections were made by any of the governmental entities that received notice under 28 U.S.C. § 1715.

7. Based on the information presented to the Court, the claim process has proceeded as ordered and consistent with the Settlement Agreement and Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Valid Claim shall still be bound by the terms of the Settlement and Releases therein.

8. The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

9. Because the Court grants Final Approval of the Settlement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

10. All Parties to this Litigation, including all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Order.

11. The appointment of Plaintiffs as Class Representatives is affirmed.

12. The appointment of Terence R. Coates of Markovits, Stock & DeMarco, LLC, William B. Federman of Federman & Sherwood, and Tyler J. Bean of Siri & Glimstad LLP as Class Counsel is affirmed.

13. The Court affirms its findings that the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for only the purposes of the Settlement in that: (1) the number of Settlement Class Members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class Members; (3) the claims of the Class Representative are typical of the claims of the Settlement Class Members; (4) the Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent the Settlement Class; (5) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

14. Therefore, the Court finally certifies the following Settlement Class:

> All individuals impacted by PRC's Data Incident, including all individuals who received notice of the Data Incident that occurred in August 2024.

The Class specifically excludes: (i) all Persons who timely and validly request exclusion from the Class; (ii) the judge assigned to evaluate the fairness of this settlement (including any members of

the Court's staff assigned to this case); (iii) PRC's officers and directors, and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge. The Court also finally approves and certifies, for settlement purposes, the Minor Subclass, defined as Settlement Class Members who were minors at the time of the Data Incident.

15. Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits.

16. As of the Effective Date, and in exchange for the relief described in the Settlement, the Releasors hereby fully and irrevocably release and forever discharge the Released Parties from the Released Claims.

17. In consideration for the Settlement and the consideration set forth therein, Plaintiffs and Settlement Class Members and Releasors acknowledge that the release herein includes potential claims and costs that may not be known or suspected to exist, and that Plaintiffs and the Settlement Class Members hereby agree that all rights under California Civil Codes § 1798.100 *et seq.*, § 17200 *et seq.*, and/or § 1542, and any similar law of any state or territory of the United States, are expressly and affirmatively waived. California Civil Code § 1542 states as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

18. Class Counsel's Motion for Award of Attorneys' Fees, Costs, and Service Awards is hereby granted. Class Counsel is awarded $210,750.00 for attorneys' fees and $1,094.10 for costs. These payments shall be made out of the Settlement Fund in accordance with the Settlement.

The Class Representatives shall be awarded Service Awards in the amount of $3,000 each. The Service Awards shall be payable out of the Settlement Fund in accordance with the Settlement.

19. Plaintiffs and all Settlement Class Members and Releasors, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

20. The Court hereby retains and reserves jurisdiction over: (1) implementation of this Settlement and any distributions to the Settlement Class Members; (2) the Litigation, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Settlement, including the exhibits appended thereto; and (3) all Parties, for the purpose of enforcing and administering the Settlement.

21. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Federal Rules of Civil Procedure 58.

IT IS SO ORDERED this the 28th day of January 2026.

/s/ Christopher A. Boyko__________
JUDGE CHRISTOPHER A. BOYKO